IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SHEILA FARLEY-SKINNER, <br>     Plaintiff, <br><br> v. <br><br> ADVENTURE AQUARIUM, LLC, *et al.*, <br>     Defendants. | Civil No. 1:17-cv-04797-RBK-KMW |

**<u>ORDER</u>**

This matter is before the Court by way of a motion of Defendant Adventure Aquarium, LLC, requesting a finding of contempt and sanctions against Frank D. Branella, Esq., for failure to comply with a subpoena *duces tecum*. The Court has considered the parties' submissions and decides the motion pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court will deny Defendant's motion without prejudice.

**<u>BACKGROUND</u>**

During the course of discovery on this matter, Defendant obtained multiple letters between Mr. Frank Branella, Esq., and Plaintiff's doctors indicating that Mr. Branella had represented Plaintiff in a previous personal injury claim. (Def.'s Mot. [Doc. No. 23], ¶ 3.) Seeking to obtain information on Plaintiff's previous claim, defense counsel forwarded a subpoena to Mr.

Branella by certified mail, requesting his appearance and submission of all records related to Plaintiff. (*Id.* ¶ 11.) This initial subpoena was returned to Defendant as non-deliverable and unable to be forwarded. (Def.'s Mot. [Doc. No. 23-5], Ex. F.) In response, Defendant sent three additional letters over a period of six months to an alternative address of Mr. Branella. (*Id.* Ex. H-I.) After receiving the first of three follow-up letters, Mr. Branella left a telephone message with defense counsel indicating that he had received the subpoena and had no records to hand over. (Def.'s Mot. [Doc. No. 23], ¶ 14.) Although he received the subpoena, Mr. Branella neither appeared nor provided the requested records. (*Id.* at ¶ 19.)

Defendant then filed this motion on May 17, 2018, asserting that Mr. Branella was properly served and should be held in contempt of court with sanctions for failure to comply with the subpoena. (Def.'s Mot. [Doc. No. 23].) In addition, Defendant requests $1,000 for the costs associated with the motion's preparation. (*Id.*) While Mr. Branella did not respond to Defendant's motion, Plaintiff filed an opposition stating that Mr. Branella suffered a stroke, is permanently physically impaired, and has a partial loss of vision – all of which have rendered him unable to draft a response to Defendant's motion. (Pl.'s Opp'n [Doc. No. 24], ¶ 7-11.) Plaintiff's opposition also mentions that Defendant has alternatives to secure medical records other than

"harassing" Mr. Branella in his ill state. (*Id.* At ¶ 12.) Defendant's response denies any harassment, but does go on to question Mr. Branella's failure to respond. (Def.'s Reply [Doc. No. 25].)

## **DISCUSSION**

"A party seeking to have an adversary held in civil contempt must establish by clear and convincing evidence that (i) there is a valid court order; (ii) the adversary had knowledge of that order; and (iii) the adversary disobeyed that order." *Trs. Of the Int'l Union v. J.T. Cleary, Inc.*, No. 17-5962, 2018 U.S. Dist. LEXIS 69966, at *2 (D.N.J. Apr. 26, 2018) (citing *Roe v. Operation Rescue*, 919 F.2d 857, 868 (3d Cir. 1990)). Furthermore, a party cannot be held in civil contempt or subjected to sanctions if an issued subpoena was improperly served. *Alfamodes Logistics L.L.C. v. Catalent Pharma Solutions, L.L.C.*, No. 09-3543, 2011 U.S. Dist. LEXIS 44537, at *2 (E.D. Pa. Apr. 35, 2011); *Trs. Of the Int'l Union*, 2018 U.S. Dist. LEXIS 69988, at *4.

Pursuant to Rule 45(b), "serving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b). Unlike service of a summons and complaint, personal service is required when serving a subpoena. *Whitmer v. Lavida Charter, Inc.*, No. 91-0607, 1991 U.S. Dist. LEXIS 17177 (E.D. Pa. Nov. 27, 1991). More specifically, courts within the Third Circuit have interpreted the word "delivering" in Fed. R. Civ. P. 45(b)(1)

3

literally, requiring that an individual is served personally. *See Trs. Of the Int'l Union*, 2018 U.S. Dist. LEXIS 69966, at *4; *N.J. Bldg. Laborers' Statewide Benefit Funds v. General Civ. Corp.*, No. 08-6065, 2009 U.S. Dist. LEXIS 78088 (D.N.J. Sept. 1, 2009); *Parker v. Doe*, No. 02-7215, 2002 U.S. Dist. LEXIS 23498 (E.D. Pa. Nov. 22, 2002); *In re Johnson & Johnson*, 59 F.R.D. 174, 177 (D. Del. 1973); *see also Alfamodes*, 2011 U.S. Dist. LEXIS 44537, at *2 (emphasizing the longstanding literal interpretation of Fed. R. Civ. P. 45(b)(1)).

Defendant's service on Mr. Branella by certified mail does not comport with the personal service requirement of Fed. R. Civ. P. 45(b)(1). Courts in this district have declined to hold a non-party in contempt for failing to submit discovery when "service by postal mail d[id] not comport" with the Rule. *Trs. Of the Int'l Union*, 2018 U.S. Dist. LEXIS 69966, at *3 (citing *N.J. Bldg. Laborers*, 2009 U.S. Dist. LEXIS 78088, at *2). Notwithstanding Defendant's "undoubtedly frustrating experiences" to serve the subpoena, its attempt to serve Mr. Branella by certified mail did not constitute personal service. *Alfamodes*, 2011 U.S. Dist. LEXIS 44537, at *2-3. Furthermore, Mr. Branella's knowledge of the subpoena does not validate Defendant's improper service. *See Alfamodes*, 2011 U.S. Dist. LEXIS 44537, at *3 ("[E]vidence that indicates that at least some of the nonparties are aware of the existence of the subpoena . . . does not satisfy Fed. R. Civ. P.

45.").[1] For these reasons, Mr. Branella will not be held in contempt of court or subjected to sanctions at this time.

Accordingly, IT IS on this, the **1st** day of **August, 2018**, hereby

**ORDERED** that Defendant's motion to hold Frank D. Branella, Esq., in contempt is **DENIED WITHOUT PREJUDICE**.

s/ Karen M. Williams
KAREN M. WILLIAMS
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Robert B. Kugler

---

[1] The Court recognizes that some courts have held that delivering a subpoena by certified mail may satisfy the service requirements of Rule 45. *See e.g.*, *New Jersey Building Laborers Statewide Ben. Funds and Trustees Thereof v. Torchio Brothers, Inc.*, Civ. No. 08–552, 2009 U.S. Dist. LEXIS 10267, at *6 (D.N.J. Feb. 11, 2009). However, courts have found that approach to represent the minority view. *See Alfamodes Logistics Liab. Co.*, 2011 U.S. Dist. LEXIS 44537, at *5 (describing acceptance of certified mail as "a minority-held position among the federal courts"); *Ricoh Co. v. Oki Data Corp.*, Civ. No. 09-694-SLR, 2011 U.S. Dist. LEXIS 90297, at *13 (D. Del. Aug. 15, 2011) (noting "the majority rule of personal service as the required mode of proper service"). Given the potential penalties for a finding of contempt, the Court will not make such a finding where the authority is split in this manner.